# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVON LEE, #MZ7143, | |
| Plaintiff, | CIVIL ACTION NO. 1:18-cv-02360 |
| v. | (CONNER, C.J.) <br> (SAPORITO, M.J.) |
| SGT J. SMITH, CO II, SCI Camp Hill, et al., | |
| Defendants. | |

## MEMORANDUM

This is a prisoner civil rights action, which was commenced on October 24, 2018, by the filing of the *pro se* complaint in this matter, signed and dated by the plaintiff, Donovon Lee, on October 17, 2018.[1] (Doc. 1.) At the time of filing, Lee was incarcerated at SCI Fayette, a state correctional facility located in Fayette County, Pennsylvania. His claims, however, concern the conditions of his prior confinement at SCI Camp Hill, a state correctional facility located in Cumberland County, Pennsylvania. Lee has been granted leave to proceed *in forma pauperis*

---

[1] The plaintiff originally lodged the complaint, together with a motion for leave to proceed *in forma pauperis*, with the wrong federal district court. The matter was promptly transferred to this Court and we granted the plaintiff leave to proceed *in forma pauperis* and deemed the complaint filed. (Doc. 2; Doc. 11.)

in this action. (Doc. 11.)

The matter now comes before the Court on a Rule 37 motion to compel by the *pro se* plaintiff, which is fully briefed and ripe for disposition. (Doc. 26; *see also* Doc. 28; Doc. 29; Doc. 32.)

## I. BACKGROUND

The plaintiff, Donovon Lee, is a state prisoner, serving a term of imprisonment for sex offenses involving a minor victim. In his complaint, Lee alleges that, on July 3, 2017, while he was incarcerated at SCI Camp Hill, defendants Sergeant J. Smith and Officer T.D. Kline violated Lee's Eighth Amendment right to be free from cruel and unusual punishment by failing to intervene and protect him from a rape and assault at the hands of his cellmate, a non-party inmate named Michael Morefield. Lee alleges that, before the assault occurred, Smith explicitly encouraged it by informing Morefield of the nature of Lee's criminal offenses and encouraging him to threaten to assault Lee. The plaintiff further alleges that Kline not only watched Morefield physically assault Lee and failed to intervene to stop the assault, but he also verbally coached Morefield on where to hit Lee as he did so. The plaintiff also alleges that Kline told him to keep his mouth shut and "forget the whole situation" or else Kline

would find him and make him "regret snitching," which Lee contends is a violation of his First Amendment petition rights.

For relief, Lee seeks an unspecified award of damages. He also seeks an injunction directing that the defendants be disciplined by their employer, the Pennsylvania Department of Corrections, or criminally prosecuted.

## II. Discussion

By his motion, the plaintiff seeks an order compelling the defendants to produce documents responsive to four Rule 34 requests for the production of documents: (1) the defendants' employment disciplinary records; (2) investigative reports, including PREA investigation #2017-P-844 and police investigation #PA17-7210461; (3) medical reports, including photographic documentation and lab results; and (4) a copy of the transcript of the plaintiff's deposition, taken on July 30, 2019.

The plaintiff served his document requests on defense counsel in August 2019,[2] and the defendants served their responses to the requests

---

[2] The precise date of service is unclear from the record before us. The plaintiff submitted a copy of the request for discovery to the Court for filing, which was received and docketed on August 9, 2019. (Doc. 22.) The Court construed the request as a Rule 37 motion to compel
*(continued on next page)*

- 3 -

on September 23, 2019. (*See* Doc. 22; Doc. 28-1; Doc. 32-2; Doc. 32-3.) The defendants raised no objection to requests #2 and #3, indicating that they were producing 155 pages of investigative records responsive to #2 and 15 pages of medical records responsive to #3. They further noted that they possessed no photographs responsive to #3. The defendants objected to request #1 on the grounds that it sought information that was not proportional to the needs of this case and that it sought confidential personnel information which could jeopardize institutional safety and security. They objected to request #4 on the ground that the transcript was in the possession of a third party (the court reporter who transcribed the deposition), who could provide it upon request at the plaintiff's own expense.[3]

### A. Requests #2 and #3

We start with requests #2 (investigative records) and #3 (medical

---

production of the requested documents and denied the motion without prejudice on August 12, 2019, noting that the federal rules required discovery requests to first be served on the opposing party before bringing a motion to compel. (Doc. 25.) It is not clear whether the plaintiff's requests were served upon the defendants contemporaneously with their submission to the Court for filing, or if service followed entry of our Order. Regardless, the defendants do not challenge the fact or manner of service.

[3] Notably, the defendants did not state that they did not have a copy of the deposition transcript in their possession.

records) to which the defendants have raised no objection in their discovery responses. In response to the plaintiff's motion, the defendants argue that the matter is moot because the responsive documents have in fact been made available for inspection by the plaintiff.

In his reply, the plaintiff states that he has not received the promised documents, but rather only a letter from defense counsel advising him that responsive documents were forwarded to his institution for review. The letter itself, attached as an exhibit to both the plaintiff's reply and the defendants' subsequent sur-reply, states in relevant part:

> Please note that *the documents referenced in the responses are not enclosed*. The documents have been forwarded to your institution for review. In order to inspect the documents identified in this response, you must submit a DC-135 Inmate Request to Staff Member form addressed to the Superintendent's Assistant. The Superintendent's Assistant will then arrange a mutually convenient time and place for you to review the responsive discovery. If you have sufficient funds in your inmate account, you may, at your cost, obtain copies of any of the written documents produced at that time. For security reasons, you will not be permitted copies of the video.

(Doc. 29, at 5; Doc. 32-4.)

The plaintiff asks us to compel the defendants to deliver a copy of

all responsive documents directly to him. But Rule 34 does not require a responding party to furnish the requesting party with copies for his own use, but merely "to produce and permit the requesting party . . . to inspect, copy, test, or sample [any designated documents] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). That is what the defendants have done with these documents, making them available to him at his place of incarceration for him to inspect and, at his own expense, to copy. This Court has previously approved this very same procedure under similar circumstances. *See Hampton v. Wetzel*, Civil No. 1:14-CV-1367, 2017 WL 895568, at \*2 (M.D. Pa. Mar. 7, 2017) ("The court finds that this method of production provides inmates with a reasonable amount of time to examine and inspect requested documents, in accordance with Department of Corrections[] policies."); *see also Johnson v. Tritt*, No. 1:18-cv-203, 2019 WL 2577202, at \*3 (M.D. Pa. June 24, 2019); *Victor v. Varano*, Civil No. 3:11-CV_891, 2012 WL 1514845, at \*7–\*8 (M.D. Pa. May 1, 2012); *Quarles v. Palakovich*, Civil No. 3:07-CV-1905, 2010 WL 2367675, at \* 2 (M.D. Pa. June 9, 2010).

Accordingly, the plaintiff's motion will be DENIED with respect to

requests #2 and #3.

**B. Request #1**

In request #1, the plaintiff requested "the Defendants['] prior disciplinary reports they received." The defendants objected to this request because it sought information that was not proportional to the needs of the case" and because it sought "confidential information, the release of which could jeopardize the safety and security of DOC institutions, inmates and staff."

The plaintiff contends that the defendants' disciplinary histories may be relevant insofar as they may "show a pattern of behavior" by the defendants that is probative to his claims. In support of their objections, the defendants note that courts have recognized that "personnel files are confidential, and discovery should be limited." *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994). But, although "personnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly," they are not "categorically out-of-bounds." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648–49 (10th Cir. 2008).

Although not all of the defendants' disciplinary records may be discoverable, "the scope of such discovery is determined by comparing the allegations contained in [the] complaint against the nature of the action addressed by the [disciplinary] files, the cause for any prior complaints against the [defendants], and the cause for the discipline in any disciplinary report." *Reid v. Cumberland Cty.*, 34 F. Supp. 3d 396, 404 (D.N.J. 2013). For example, disciplinary records concerning absenteeism or tardiness would have no bearing on the claims asserted in this litigation. On the other hand, prior disciplinary complaints, investigations, or findings concerning prior incidents involving these defendants and failure to intervene to protect inmates from violence by other inmates or staff, incitement or encouragement of violence or threats of violence against inmates by other inmates or staff, or retaliation or threats of retaliation against inmates for filing grievances or otherwise reporting assaultive conduct by inmates or staff would be clearly relevant to the claims raised by this plaintiff.

Accordingly, the defendants' objection is SUSTAINED in part and OVERRULED in part, and the plaintiff's motion is GRANTED in part and DENIED in part with respect to request #1. We will direct the

defendants to produce any disciplinary records for defendants Smith or Kline concerning prior incidents involving failure to intervene to protect inmates from violence by other inmates or staff, incitement or encouragement of violence or threats of violence against inmates by other inmates or staff, or retaliation or threats of retaliation against inmates for filing grievances or otherwise reporting assaultive conduct by inmates or staff. The defendants may redact any confidential information from the produced documents, provided they also serve a contemporaneous privilege log describing the nature of the redacted information and the basis for its redaction.

### C. Request #4

In request #4, the plaintiff seeks production of the transcript of a deposition taken in this case on July 30, 2019. The defendants object that the document is in the possession of a third party—the stenographer—and any request for a transcript should be made directly to the stenographer who recorded the deposition testimony. The defendants do not dispute that they took the plaintiff's deposition in this case on that date, or that they are in possession of a copy of the requested deposition transcript.

The plaintiff has been granted *in forma pauperis* status in this case.

As the Third Circuit has observed:

> The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, *see* 28 U.S.C. § 1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court," 28 U.S.C. § 1915(b). There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.

*Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993).

The plaintiff has not requested the Court to authorize federal funds to pay to furnish him with the requested deposition transcript, but rather that the defendants produce a copy of the deposition transcript in discovery, at no expense to him. As the Third Circuit has recognized:

> [A]s part of the inherent equitable powers of the district court in supervising discovery, a district court may, under some circumstances, exercise its discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions.

*Id.* at 159. This Court has previously recognized, as a general rule, that "[c]ivil litigants generally bear their own deposition expenses initially. A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees." *Badman v. Stark*, 139 F.R.D. 601, 606 (M.D. Pa. 1991) (citation and footnote omitted). But the instant request does not concern expenses to be incurred by an indigent plaintiff seeking to *take* a deposition. Here, the indigent plaintiff merely seeks a copy of a stenographic transcript of discovery proceedings conducted *by the defendants*, for which they have already paid stenographic fees. "Such a request is not at all unreasonable; the usual practice is for 'the other side' to be given a copy of a deposition scheduled by the opponents, once it has been transcribed." *Id.* at 606; *see also Davis v. Pa. Dep't of Corrs.*, Civil Action No. 1:16-cv-00515, 2018 WL 2292755, at *3 (M.D. Pa. May 18, 2018).

Accordingly, the defendants' objection is OVERRULED, and the plaintiff's motion is GRANTED with respect to request #4. We will direct the defendants to furnish the plaintiff with a copy of the transcript of the deposition of the plaintiff taken by the defendants in this case on July 30, 2019.

## III. CONCLUSION

For the foregoing reasons, the plaintiff's motion to compel (Doc. 26) is GRANTED in part and DENIED in part.

An appropriate Order follows.

Dated: November 8, 2019

/s/ Joseph F. Saporito, Jr.
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge